tions in the District of Minnesota. Instead, they recommend that the Panel segregate the foreign government actions from the actions brought by domestic plaintiffs and transfer the former to the District of the District of Columbia for pretrial processing with *Colombia* and *Korea*. In support of this proposal, defendants point to the burden on Judge Lord in supervising the domestic aspect of this litigation and maintain that the foreign government actions raise enough distinct issues to warrant separate treatment.

While we certainly recognize the tremendous burden that this massive and complex litigation places upon Judge Lord, we remain convinced that the foreign government actions, including *Colombia* and *Korea*, belong before him in the District of Minnesota for pretrial proceedings. Judge Lord is singularly familiar with all the parties, their counsel, counsel's tactics, the witnesses and the relevant documents. And he has accumulated substantial expertise regarding the subject matter of all aspects of this litigation, including the foreign government actions. To require a new judge to educate himself or herself in the myriad of complex matters about which Judge Lord has gained extensive knowledge would, in the absence of exceptional circumstances, be counterproductive and an inefficient use of judicial resources. Moreover, much of the pretrial proceedings that has transpired thus far in this litigation can be made applicable to the foreign government actions,[5] and surely Judge Lord is in the best position to supervise the extent and manner of such applicability.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the actions entitled *The Government of Colombia v. Pfizer, Inc., et al.*, D. District of Columbia, Civil Action No. 74–1747 and *The Government of Korea v. Pfizer, Inc., et al.*, D. District of Columbia, Civil Action No. 74–1748, be, and the same hereby are, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Miles W. Lord for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.



In re DROWNING INCIDENT AT QUALITY INN NORTHEAST, WASHINGTON, D. C., ON MAY 3, 1974.

Docket No. 222.

Judicial Panel on Multidistrict Litigation.

Jan. 22, 1976.

Administratrix of estate of Bronx junior high school student who drowned in the District of Columbia while participating in a field trip moved to transfer action in the District of the District of Columbia against owners of the inn where the drowning occurred to the Southern District of New York in which second action was pending against city, board of education and company which arranged the tour. The Judicial Panel on Multidistrict Litigation held that inasmuch as only two relatively simple negligence actions were involved, and plaintiff could seek order to make discovery taken in either action applicable to the other and witnesses residing in New York would probably be involved in trial in the District of Columbia even if motion was granted, transfer would not serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Motion denied.

1. Courts ⊂⇒277.2

The existence of common questions of fact between actions is but one condi-

---

5. See *Manual for Complex Litigation*, Parts I and II, Sections 3.11 (rev. ed. 1973).

IN re DROWNING INCIDENT AT QUALITY INN NORTHEAST 1305
Cite as 405 F.Supp. 1361 (1976)

tion precedent ... transfer under multidistrict litigation statute. 28 U.S.C.A. § 1407.

**2. Courts ⟺ 277.2**

Before a transfer will be ordered, the panel on multidistrict litigation must be satisfied that all the statutory criteria have been met. 28 U.S.C.A. § 1407.

**3. Courts ⟺ 277.2**

Action pending in District of District of Columbia against owners of inn where Bronx junior high school student drowned while on a field trip would not be transferred to Southern District of New York for coordinated or consolidated pretrial proceedings in action against city, board of education and company which arranged the tour inasmuch as only two relatively simple negligence actions were involved and plaintiff could take other measures to avoid unnecessary duplication of discovery. 28 U.S.C.A. § 1407.

**4. Courts ⟺ 277.2**

After actions had been transferred under multidistrict litigation statute for consolidated pretrial proceedings, the actions are thereafter returned to their respective transferor courts for trial unless they have previously been terminated in the transferee court or transferred by the transferee judge under statute providing for change of venue or statute providing for cure or waiver of defects. 28 U.S.C.A. §§ 1404(a), 1406, 1407; Rules of Procedure of the Judicial Panel on Multidistrict Litigation, rule 11, 28 U.S.C.A. following section 1407; Fed.Rules Civ.Proc. rule 45(d)(2), 28 U.S.C.A.

Before ALFRED P. MURRAH,* Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

Osvaldo Torres, Jr. was a 13-year-old student participating in a field trip to the District of Columbia sponsored by his junior high school in the Bronx, New York. While swimming at the Quality Inn Northeast in Washington, D. C., where the group was staying, Osvaldo Torres drowned. His body was discovered at the bottom of the pool.

Two actions alleging various types of negligence were thereafter instituted by the Administratrix of his estate: one in the District of the District of Columbia and the other in the Southern District of New York. Defendants in the District of Columbia action include the owners of the Quality Inn where the drowning occurred, the Inn's general manager and the entities and individuals responsible for maintaining and supervising the pool. Defendants in the New York action are the City of New York, its Board of Education and Teachers Tours, Inc., which had arranged for transportation, accommodations, sightseeing, food, lodging and other services for the junior high group.

Plaintiff moves the Panel for an order transferring the District of Columbia action to the Southern District of New York for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district. Defendants in the District of Columbia action oppose transfer while defendants in the New York action have taken no position on the question. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.[1]

Movant argues that transfer of the District of Columbia action to the Southern District of New York is appropriate because all witnesses to the incident are located in New York, other than the lifeguard on duty at the time of the drowning, whose deposition has already been

---

* Judge Murrah took no part in the consideration or decision of this matter.

1. All the parties waived their right to oral argument and, pursuant to Rule 14, R.P.J.P.M.L.,

65 F.R.D. 253, 264 (1975), the question of transfer under Section 1407 was submitted on the briefs.

405 F.Supp.—82½

taken in the District of Columbia. She maintains that the requisite common questions of fact exist and that judicial time will be conserved by resolving both actions in a single legal proceeding.

[1-3] The existence of common questions of fact between actions is, as we have often noted, but one condition precedent to transfer under Section 1407. See, e. g., In re Highway Accident Near Rockville, Connecticut, on December 30, 1972, 388 F.Supp. 574, 575 (Jud.Pan.Mult. Lit.1975). Before a transfer will be ordered, the Panel must be satisfied that all the statutory criteria have been met. Id. In the circumstances of this particular litigation, we are not persuaded that the requested transfer would serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Only two relatively simple negligence actions are involved here—too few and not complex enough to warrant transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543 (Jud.Pan.Mult. Lit.1969).

Inasmuch as plaintiff is the same in each of these actions, she can seek an appropriate order to make discovery taken in either action applicable to the other. Cf. Manual for Complex Litigation, Part I, § 3.11 (rev. ed. 1973). Furthermore, plaintiff can take other measures to avoid unnecessary duplication of discovery, for example: she could file notices for a particular deposition in both the New York and District of Columbia courts, thereby making the deposition applicable in each jurisdiction; she could seek orders from the two courts directing the parties to coordinate their pretrial efforts; and she could seek a stipulation among the parties that all discovery may be used in both actions. Thus, suitable alternatives to a transfer under Section 1407 are available to the movant in this litigation.

[4] Plaintiff, moreover, has apparently misconstrued the result that is attendant upon transfers under Section 1407. Although pretrial proceedings are conducted under the supervision of a single judge, the actions are thereafter returned to their respective transferor courts for trial unless, of course, they have previously been terminated in the transferee court or transferred by the transferee judge under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. See Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975). Accordingly, witnesses who reside in New York will probably be involved in trial in the District of Columbia even if we granted the motion now before us. And, whether or not we grant the motion, discovery from those witnesses will likely occur in proximity to where they live. See Rule 45(d)(2), Federal Rules of Civil Procedure.

It is therefore ordered that the motion pursuant to 28 U.S.C. § 1407 to transfer the actions listed on the following Schedule A be, and the same hereby is, denied.



RETAIL WHOLESALE & DEPARTMENT STORE UNION, LOCAL 343

v.

Dr. John T. DUNLOP, as Director of the Cost of Living Council and the Great Atlantic & Pacific Tea Company, Inc.

Civ. A. No. C 74-848 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 16, 1975.

Appeal was taken from a decision of the Cost of Living Council determining that, although an employee unit's "equitable position" entitled it to a pay adjustment in excess of applicable pay board standards, implementation of the adjustment contained in the unit's collective bargaining agreement should be de-